DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES B. MARTIN, INC.** d/b/a **ALLPRO WINDOWS & DOORS,**
Appellant,

v.

**SADIE MOORE,** et al.,
Appellees.

No. 4D2025-0517

[July 1, 2026]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Jennifer Wigand Hilal, Judge; L.T. Case No. 062022CC067542AXXXCE.

Richard Francis Hussey of Richard F. Hussey, P.A., Fort Lauderdale, for appellant.

No appearance for appellees.

CONNER, J.

Appellant James B. Martin, Inc. d/b/a Allpro Windows & Doors ("Allpro") appeals the trial court's denial of Allpro's request to enforce a construction lien on real property in which five family members have various ownership interests. Allpro raises three issues on appeal. We affirm the trial court's ruling on two issues without discussion. The issue we address is the effect a defective notice of commencement had on the construction lien's enforcement. After review, we affirm the trial court's dismissal of the count for enforcing the construction lien as to one family member. However, as to another family member, we reverse in part the trial court's rulings on the counts for enforcement of a construction lien and quiet title. We remand for further proceedings.

## Background

A contract was entered into between Allpro and appellee Sadie Moore, a life tenant living on the property, to remove and replace ten windows at the residence where Sadie was living. Sadie's mother, Tonette Moore, was present when the contract was signed.

To protect the priority of construction lien rights, Allpro presented a form notice of commencement which Sadie signed in blank (and not before a notary). Allpro staff later filled out (and notarized) the notice of commencement.

When the window installation was more than half completed, Sadie contended that some of the windows were incorrect and refused to make additional payments due under the contract.

Allpro filed a construction lien against the property which asserted that Sadie and Brenda Johnson owned the property.[1] Allpro then filed suit for enforcement of the construction lien, breach of contract, unjust enrichment, and foreclosure of an equitable lien. Sadie filed a response to the suit and a quiet title counterclaim, contending she owned the property.

After suit was filed, Allpro apparently conducted a title search on the property and learned that, in addition to Sadie and Brenda Johnson having an ownership interest, Tonette, Patrell Staten, and Bertram Moore also had ownership interests. The trial court allowed Allpro to amend the complaint to add everyone having an ownership interest as additional defendants. A default was entered as to Johnson, Staten, and Bertram Moore. Tonette obtained a dismissal of the construction lien foreclosure count (Count 1) because Allpro had failed to serve a notice to owner for the claim of lien on Tonette. Tonette was also awarded attorneys' fees on Count 1.

After a bench trial, the trial court entered a final judgment for Allpro on its breach of contract count, but entered judgment for Sadie on Allpro's construction lien foreclosure count and Sadie's quiet title counterclaim. The trial court denied enforcement of Allpro's construction lien after finding that Allpro's notice of commencement was defective for failure to list all property owners. More specifically, the trial court found that because Allpro had completed the information in the notice of commencement after Sadie had signed the notice of commencement in blank, Allpro effectively became Sadie's agent, shifting the risk of error in the notice of commencement from Sadie to Allpro. Additionally, the trial court found that the notice of commencement was void because Allpro did not commence work within ninety days after recording the notice of commencement.

---

[1] The record does not indicate when or how Allpro became aware that Brenda Johnson owned an interest in the property.

2

After the trial court denied Allpro's rehearing motion, Allpro gave notice of appeal.

## Appellate Analysis

Allpro initially argues the trial court erred in dismissing its construction claim of lien against Tonette. However, Allpro did not preserve that argument. Thus, we affirm without further discussion as to that argument. *Sunset Harbour Condo. Ass'n v. Robbins*, 914 So. 2d 925, 928 (Fla. 2005) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." (quoting *Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985))); *see also Est. of Herrera v. Berlo Indus., Inc.*, 840 So. 2d 272, 273 (Fla. 3d DCA 2003) ("[I]ssues not presented in the trial court cannot be raised for the first time on appeal.")).

Next, Allpro argues that the trial court erred in denying enforcement of the construction lien based on Allpro's failure to serve all owners with a notice to owner or the claim of lien, because: (1) Sadie held herself out as the property's owner in the notice of commencement, answer, and amended answer and affirmative defenses; and (2) Allpro substantially complied with the statutory requirements to impose and enforce a construction lien.

As to the first argument, because Allpro completed the notice of commencement, the trial court properly ruled that the risk of errors in the notice of commencement shifted to Allpro. Importantly, in preparing the notice of commencement, Allpro never asked Sadie if anyone else owned an interest in the property.

As to the second argument, Allpro correctly argues that even if the notice of commencement was insufficient, the trial court nonetheless erred, because the insufficient notice of commencement does not invalidate a properly recorded and served claim of lien, and Allpro strictly complied with the conditions precedent to foreclose on the claim of lien as to Sadie, who was an owner in privity with Allpro. *Sasso Air Conditioning, Inc. v. United Cos. Lending Corp.*, 742 So. 2d 468, 470-71 (Fla. 4th DCA 1999) (holding that although a notice of commencement was insufficient, the construction lien was not invalid because "substantial compliance with the notice of commencement is all that is required"). Additionally, the defective notice of commencement merely affected the lien's start date. *See* § 713.13(3), Fla. Stat. (2021) ("The recording of a notice of commencement . . . gives constructive notice that claims of lien under this

part may be recorded and may take priority as provided in s. 713.07."). Generally, all construction liens relate back to the recording of the notice of commencement. *See Napolitano v. Sec. First Fed. Sav. & Loan Ass'n*, 533 So. 2d 948, 949-50 (Fla. 5th DCA 1988). A defective notice of commencement does not invalidate the recorded claim of lien; instead, it simply means the effective date of the attachment of the lien is the date the claim of lien is recorded in the public records (a potential loss of priority of lien). *Id.* at 950 ("In the event a notice of commencement is not filed, then such lien shall attach and take priority as of the time the claim of lien is recorded.").

Also, the trial court erred in denying the construction lien on the basis that the work did not commence within ninety days of Allpro recording the notice of commencement. We are satisfied that Allpro, by taking measurements at the home for window sizes and ordering the windows within ninety days after the contract was signed, commenced the furnishing of materials and replacement of windows within that time period. *See Lacentra Trucking, Inc. v. Flagler Fed. Sav. & Loan Ass'n. of Miami*, 586 So. 2d 474, 477 (Fla. 4th DCA 1991) (holding that actual commencement could begin through "the ascertainment of boundary monuments and flagging and staking[.]").

Thus, the trial court's denial of Allpro's enforcement of the construction lien as to Sadie was reversible error.

## Conclusion

We affirm the trial court's dismissal of Allpro's count for enforcement of a construction lien as to Tonette's interest in the real property. We also affirm the award of attorneys' fees and costs as to Tonette. After determining the trial court erred in denying Allpro's enforcement of the construction lien as to Sadie Moore's interest in the real property and quieting title as to the construction lien, we reverse the trial court's final judgment in part and remand for further proceedings. Because Allpro's initial brief did not address the propriety of a construction lien as to other persons' ownership interests in the property, we do not address that issue. We affirm the other issues raised on appeal without discussion.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

LEVINE and SHEPHERD, JJ., concur.

\*        \*        \*

4

*Not final until disposition of timely-filed motion for rehearing.*